IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
    Plaintiff,

          v.

**2004 BMW M3S, BEARING PR TAG GEP-523 VEHICLE ID Number WBSBR93454PK06938.**
    Defendant.

Civil No. 14-1793 (DRD)

## ANSWER TO THE COMPLAINT

The Claimant, **JOHAMID HERNANDEZ-COTTO**, through his undersigned counsel, answers the Verified Complaint for Forfeiture In Rem, pursuant to Rule G(5)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims, as follows:

1. The Claimant does not dispute the contention, in paragraph one, that 21 U.S.C. § 881(a)(6) provides for the forfeiture of property. The Claimant denies that the defendant vehicle that is the subject of this action was furnished or intended to be furnished in exchange for a controlled substance; or that it is proceeds traceable to such controlled substance exchange; or that it was used or intended to be used to facilitate the commission of an offense which may give rise to forfeiture under those or any other federal statute.

2. The Claimant admits the allegation in paragraph two.

3. The Claimant denies the allegations of jurisdiction and venue in paragraph three.

4. The Claimant denies the allegations of in rem jurisdiction in paragraph

four.

5. The Claimant denies the allegation of venue in paragraph five.

6. The Claimant does not dispute the contention, in paragraph one, that 21 U.S.C. § 881(a)(6) provides for the forfeiture of property. The Claimant denies that the defendant vehicle that is the subject of this action was furnished or intended to be furnished in exchange for a controlled substance; or that it is proceeds traceable to such controlled substance exchange; or that it was used or intended to be used to facilitate the commission of an offense which may give rise to forfeiture under those or any other federal statute.

7. The Claimant denies the allegations of paragraph seven and the facts and circumstances surrounding the seizure of the defendant currency as those are stated by DEA S/A Marcos A. Carpio.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

8. The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

9. The evidence in this case must be suppressed as the fruit of an unreasonable seizure under the Fourth Amendment to the United States Constitution and One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693 (1965).

### THIRD DEFENSE

10. The Court lacks subject matter jurisdiction and venue under 28 U.S.C. § 1345, 28 U.S.C. § 1355, 46 U.S.C. § 70507, 21 U.S.C. § 881, and 18 U.S.C. § 981.

### FOURTH DEFENSE

11. This forfeiture action is barred by the government's failure to adhere to

the 90-day limitations period imposed by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983 (a)(1)(A) and (B).

## FIFTH DEFENSE

12. The Court lacks in rem jurisdiction over the defendant vehicle due to the lack of service and execution of process as required by Rule E(4) and Rule G(3)(c) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## FIRST COUNTERCLAIM

13. The illegal seizure of claimant's vehicle violated his rights under the Fourth Amendment to the United States Constitution for which he seeks compensation in a restitutionary measure and reasonable attorney's fees.

## SECOND COUNTERCLAIM

14. The seizure and continued retention of the defendant vehicle without prior notice and the opportunity to be heard violated Claimant's due process rights under the Fifth Amendment to the United States Constitution and statutory rights under the Civil Asset Forfeiture Reform Act of 2000.

## THIRD COUNTERCLAIM

15. The period of time the claimant has been deprived of the possession of the defendant vehicle is a temporary taking under the Fifth Amendment of the United States Constitution, for which the claimant seeks just compensation, including damages for loss of use, interest, and reasonable attorney's fees.

**WHEREFORE,** the claimant prays:

1. That this action is dismissed;
2. That he is immediately permitted to regain possession of his vehicle;
3. That Claimant is awarded statutory interests for the temporary taking;
4. That he is awarded reasonable attorneys' fees; and

5. For such other and further relief as may be deemed just and equitable.

## JURY DEMAND

The Claimant hereby demands trial by jury on all issues.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this the 13th day of January 2015.


*/s/ Ramon M. Gonzalez*
RAMÓN M. GONZALEZ, ESQUIRE
USDC # 202313
RAMON M. GONZALEZ LAW OFFICE
Attorney for Claimant
P.O. Box 195493
San Juan, Puerto Rico 00919-5493
Tel: 787-593-8281/722-6930
e-mail: rmgonzalezesq@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of this document been on this same date filed through the Clerk of Court's electronic filing system which would electronically send copy of this document to all interested parties.


*/s/ Ramon M. Gonzalez*
RAMÓN M. GONZALEZ, ESQUIRE