IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>2004 BMW M3S; BEARING PR TAG GEP-523; VEHICLE ID NO. WBSBR93454PK06938,<br><br>**Defendant.** | CIVIL NO. 14-1793 (DRD) |

## UNITED STATES OF AMERICA'S MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, and respectfully states and alleges as follows,

### INTRODUCTION

The present civil forfeiture action was filed on October 29, 2014, pursuant to the provisions of Supplemental Rule G (2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,(Supplemental Rules) and Title 21, United States Code, Section 881(a)(6) for the forfeiture of things of value intended to be used, or proceeds of controlled substances violations.

Claimant Johamid Hernandez-Cotto filed a Complaint, Counterclaim and Jury demand against the United States on January 13, 2015 [Docket Entry #10], without showing that the Government had waived sovereign immunity. In addition to that, the civil forfeiture action filed by the United States is against property and not against Claimant Hernandez-Cotto, consequently, his counterclaim is legally null.

The United States respectfully submits that the Counterclaim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted and/or stricken pursuant to Rule 12(f) of the Federal Rules of Criminal Procedure.

**FACTUAL BACKGROUND**

On October 29, 2014, the United States filed its Verified Complaint for Forfeiture In Rem against a 2004 BMW M3S, bearing PR Tag GEP-523, Vehicle ID No. WBSBR93454PK06938, alleging that it is subject to forfeiture subject to Title 21, United States Code, Section 881(a)(6). *See* Docket No. 1.

On December 11, 2014, Service of Process and Notice of Complaint for Forfeiture was sent to Claimant Johamid Hernandez-Cotto, through certified mail. *See* Docket No. 7.

On December 28, 2014, Claimant Johamid Hernandez-Cotto filed a Verified Claim of Ownership, alleging that he is the owner of the aforementioned vehicle. *See* Docket No. 8. Later, on January 13, 2015, Hernandez-Cotto filed an Answer to the Complaint and Counterclaim against the United States of America. *See* Docket No. 10. The Claimant alleges the following "counts" against the United States: a Fourth Amendment violation, Fifth Amendment violations and Civil Asset Forfeiture Reform Act of 2000 statutory rights violations.

The United States respectfully submits that Claimant Hernandez-Cotto's counterclaims are legally and factually deficient and should be dismissed.

**LEGAL ARGUMENT**

**Sovereign Immunity**

It is fundamental that the United States is immune from suit except as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to

entertain the suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed*."* *United States v. King*, 395 U.S. 1, 4 (1969); *United States v. Nordic Village, Inc*., 503 U.S. 30, 33 (1992).

"[I]t has long been established that the [government] is not subject to suit without a waiver of sovereign immunity, and that any such waiver is to be strictly construed." *DeCosta v. Allstate Ins. Co*., 730 F. 3d 76 (1st Cir 2013) citing *Progressive Consumers Fed. Credit Union v. United States*, 79 F.3d 1228, 1230 (1st Cir.1996); See also, *Sarit v. U.S. Drug Enforcement Admin*, 987 F. 2d 10 (1st Cir. 1993)( Only express waiver of sovereign immunity will give court jurisdiction to hear claim against the United States). Where waiver depends on compliance with the terms of a federal insurance policy, it follows that the terms of that policy must also be strictly construed and enforced. See *Mancini v. Redland Ins. Co*., 248 F.3d 729, 734–35 (8th Cir.2001); Title 28 U.S.C.A. Section 2412(d).

Sovereign immunity also applies in the context of counterclaims, crossclaims, and third party claims. A counterclaim, crossclaim or third party claim (except to the limited extent of setoff and recoupment, or indemnity in certain contexts) cannot be asserted against the United States absent express statutory consent. *United States v. Shaw*, 309 U.S. 495, 502-3 (1940*); United States v. Yellow Cab Co*., 340 U.S. 543, 553 (1951); *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co. of California, Inc*., 595 F.2d 1126, 1130 (9th Cir. 1979); *DuPont Glore Forgan, Inc., v. American Telephone & Telegraph Co*., 428 F.Supp. 1297, 1307, (S.D. N.Y. 1977), affirmed 578 F.2d 1366 (2nd Cir.1978); see Fed. R. Civ. P. 13(d).

The Supplemental Rules provide the vehicle for a Claimant to seek relief from forfeiture of property; it clearly does not establish a waiver of sovereign immunity. In *Sarit*, Claimants

brought civil rights action under 28 U.S.C.A. § 1331 against the Drug Enforcement Agency (DEA) to recover currency seized from their premises and forfeited. The First Circuit Court of Appeals affirmed the District Court's partial summary judgment for the DEA and later dismissal of remaining claims for lack of jurisdiction stating that claimants' failure to use mechanism for obtaining judicial relief under forfeiture statute precluded judicial review of claim under the Fourth Amendment.

In the present case, Claimant not only failed to establish a waiver of sovereign immunity but has also failed to use to proper mechanism provided under forfeiture laws to obtain relief. Claimant must comply with the mandates of the Supplemental Rules in order to establish standing, ownership and contest the forfeitability of the defendant property.

**Federal Rules of Criminal Procedure**

Rule 12 was intended to eliminate unnecessary delay at pleading stage by requiring defendants to raise all defenses in one pre-answer motion. *Kearns v. Ferrari*, E.D.Mich.1990, 752 F.Supp. 749, appeal dismissed 39 F.3d 1194, reconsideration denied 53 F.3d 345, certiorari denied 116 S.Ct. 79, 516 U.S. 820, 133 L.Ed.2d 38. The function of pleadings under these rules is to give fair notice of claim asserted, so as to enable adverse party to answer and prepare for trial, and a generalized summary of the case affords fair notice, and that is all that is required. See, *Mueller v. Rayon Consultants, Inc,* S.D.N.Y.1959, 170 F.Supp. 555, appeal denied 271 F.2d 591.

To survive a motion to dismiss for failure to state a claim upon which relief may be granted, and, by extension, a motion for judgment on the pleadings, a complaint must contain factual allegations that raise a right to relief above the speculative level. See, *Gray v. Evercore*

*restructuring, L.L.C.*, 544 F. 3d 320 (1Cir. 2008); Fed.Rules Civ.Proc 12(b)(6). In the present case, the factual allegations averred by Claimant Hernandez –Cotto do not give right to relieve in view of the nature of the civil forfeiture action filed by the United States. The counterclaim filed by Claimant fails to state facts sufficient to establish a claim for relief that is plausible within the *in rem* forfeiture case.

Similarly, the function of Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispending with those issues prior to trial. See, *Whittlestone Inc. v. Handi-Craft Co.*, 618, 973, F. 3d 970 (9th Cir. 2010). The United States respectfully submits that the counterclaim filed by Claimant is legally null; to entertain such allegations within the forfeiture action is not only improper but will also delay and create confusion of the issues.

A counterclaim is a legal nullity in an *in rem* forfeiture proceeding because the action is against the property, not the third-party claimant; the property itself is the defendant. See *United States v. One Lot of U.S. Currency ($68,000)*, 927 F.2d 30,34 (1st Cir. 1991) (because a civil forfeiture action is against the property in rem and not against the claimant, there is no claim against him that the claimant/intervenor may counter; thus his counterclaim is a nullity that may be ignored). See also, *United States v. 1866.75 Board Feet and 11 Doors and Casings*, 2008 WL 839792, at *3 (E.D. Va. 2008) (a civil forfeiture action is an in rem action against the property, not an action against the claimant; the claimant, who is merely an intervenor, thus cannot use the forfeiture action to file counterclaims against the Government).

In the instant case, Claimant Johamid Hernandez-Cotto has chosen to intervene in the case by asserting his interest in the property, but he is not a defendant. Since this civil forfeiture

action has been brought against the property and not against Claimant Hernandez-Cotto, he is not entitled to file a counterclaim in this action. See, *United States v. $10,000 in U.S. Funds*, 863 F.Supp. 812, 816(S.D. Ill 1994)(counterclaims for allegedly unlawful or unconstitutional seizures for forfeiture purposes are not allowed or authorized by Federal Torts Claim Act, 28 U.S.C. 2680( c)). Therefore, Claimant Johamid Hernandez-Cotto's counterclaims should be dismissed.

WHEREFORE, the United States of America respectfully moves for the dismissal with prejudice of Claimant Johamid Hernandez Cotto's counterclaims, as per Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and/or strike Claimant's Counterclaim as per Rule 12(f) Fed. Rules. Civ. Proc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which automatically sends copies to all appearing parties.

RESPECTFULLY REQUESTED.

In San Juan, Puerto Rico, this 21st day of January, 2015.

    ROSA EMILIA RODRIGUEZ-VELEZ
    United States Attorney

    *s/M González*_____
    **Maritza González-Rivera**
    Assistant U.S. Attorney
    USDC # 208801
    # 350 Carlos Chardón Street
    Torre Chardón Street
    Hato Rey, Puerto Rico 00918

Tel. (787 766-5656; Fax. (787) 771-4050
Hato Rey, Puerto Rico 00918
Maritza.Gonzalez@usdoj.gov